THE CITY OF EMPORIA V. FRED HAUSSLER.
No. 578.

1. CRIMINAL PRACTICE—*judgment or verdict may be pronounced at term succeeding conviction.* Where, after a verdict of guilty in an action against appellant for selling liquor in violation of a city ordinance, the court adjourned *sine die* and sentence was pronounced on the verdict at the next regular term of the court; and where, at said subsequent term of court, appellant filed a motion in arrest of judgment, with a purported bill of exceptions annexed thereto, setting forth that the court had adjourned at the former term a day earlier than counsel for plaintiff and for defendant had expected, that in consequence no bill of exceptions was prepared, and that the court had, by such adjournment before pronouncing sentence, lost jurisdiction to do so, *held,* that the motion states no statutory grounds for arrest of judgment, and that the same was properly overruled.

2. BILL OF EXCEPTIONS—*allowed and signed at term succeeding one at which verdict was rendered, not considered.* Where the trial court allowed and signed the purported bill of exceptions at such succeeding term, *held,* that the same cannot be considered by the Appellate Court. *The State v. Smith,* 38 Kan. 194.

Appeal from Lyon District Court. Hon. W. A. Randolph, Judge. Opinion filed November 16, 1897. *Affirmed.*

*J. Jay Buck,* City Attorney, and *Buck & Spencer,* for appellee.

*H. D. Dickson,* for appellant.

MILTON, J. On February 15, 1895, a complaint was filed before the police judge of the City of Emporia, charging Fred Haussler with violating an ordinance of said City prohibiting the unlawful selling of intoxicating liquors. He was convicted, and appealed to the District Court, where he was tried by a jury and again convicted. The verdict was rendered on May 14, 1895, and a motion for a new trial was filed the same day. On July 17, and at the same term of court, this

motion was overruled.   He seeks a review of the trial court's proceedings.   The errors complained of are three :   *First,* the court erred in not granting the motion for a new trial ; *second,* the court, having failed and neglected to render judgment during the term, thereby lost jurisdiction to render the same, and it was in effect a mistrial ; *third,* the verdict was contrary to the evidence.

In support of the first proposition, attention is called to the following verified motion, which was filed by defendant on October 2, 1895, during the September term of court :

" Comes the defendant above named and moves the court for arrest of judgment in the above-entitled action and for the discharge of defendant, for the reasons following :

"At the regular May, 1895, term of court the defendant was, by a jury, found guilty of the violation of a city ordinance of the City of Emporia, in said county ; that defendant's counsel, in good faith believing that there was one day more of the said term of court, failed and neglected to file, serve and have allowed a bill of exceptions taken during the trial of said cause ; that the city attorney, in like manner, did not attend said last day of the term of the said court, under a similar belief, and the said term expired and no sentence or judgment was pronounced on the verdict rendered in the said cause at the said term, and the court, because thereof, lost jurisdiction so to do.

" In support of this motion, the defendant refers to and makes a part of this motion the complaint, warrant, motion to quash, verdict, motion for a new trial, and all the pleadings and processes filed and issued herein, together with the orders of the court in said action, and makes the same a part of this motion by said reference.     GRAVES, LAMBERT & DICKSON,
*Attorneys for Defendant.*

" Fred Haussler, being first duly sworn, deposes and

says, that the allegations of fact contained in the foregoing motion are true as he verily believes.

F. HAUSSLER.

"Subscribed and sworn to before me, this second day of October, 1895.         G. L. MILLER,
[SEAL.]    *Clerk District Court, Lyon County, Kansas.*"

This motion does not present either of the two statutory grounds in arrest of a judgment, those grounds being, *first*, that the grand jury which found the indictment had no legal authority to inquire into the offense charged, and *second*, that the facts stated do not constitute a public offense.

The record before us purports to contain a bill of exceptions which was allowed and signed by the trial judge on October 5, 1895, during the September term of court. This record shows that the complaint was not attacked by motion to quash, and no motion in arrest of judgment upon the statutory grounds was filed. The motion sought the discharge of defendant on the ground that the court had no jurisdiction to pronounce sentence upon the verdict, after the expiration of the term of court at which it was returned. It presents no other question.

1. Verdict may be pronounced at term succeeding conviction.

No authorities are cited by counsel for appellant in support of the proposition. We find no statute which requires that sentence shall be pronounced against a convicted party during the term of court at which the verdict is rendered, and discover no good reason for holding against the jurisdiction of the court to enter judgment at the ensuing term. Its action in the premises will be sustained.

We are not aware of any statute or decision which would warrant a consideration by this court of the

2. Bill of exceptions. purported bill of exceptions. The statute is clearly against the proposition. Paragraphs 4394 and 4395 of the General Statutes of 1889 are as follows :

"4394. An exception is an objection taken to a decision of the court or judge upon a matter of law.

"4395. The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term. If the decision objected to is made in vacation or at chambers, the judge may give time to reduce the exception to writing, not exceeding ten days."

Our Supreme Court, in *The State v. Smith* (38 Kan. 194), declared :

"A bill of exceptions which is not presented, allowed, signed and filed until after the final adjournment of the term of the court at which the trial was had, cannot be regarded as a part of the record."

No error in the action of the trial court appearing, its judgment is affirmed.